Graham, Judge,
delivered the opinion of the court:
This case grows out of a contract for installing certain distilling apparatus on the battleship New York, and is a suit to recover damages for breach of contract.
It is apparent that the plaintiff improvidently entered into this contract. It possessed but a limited knowledge of, and acquaintance with, the character and details of the particular work to be done and the requirements of the Navy *106 Department, particularly on battleships, as to materials, quality of work, special details, inspection, and other regulations. Its bid for the work was a little more than half of the bid of its only competitor, who was experienced in this character of construction for the Navy. Its plans submitted with its bid were mere sketches, crude in design, and very incomplete as to details. Its engineering department, as related to the preparation of the necessary detailed drawings, was inadequate in personnel and expert knowledge of this kind of work.
After consuming more than four months of the time allowed by the contract for performing it, in futile attempts to prepare these drawings, even with the helpful suggestions of the representatives of the defendant, whose duty it was to pass upon them, the plaintiff found it necessary to employ an expert engineer from outside of its own engineering department to prepare them. The detailed plans were not completed until after the time within which the work was to have been performed had passed. The plaintiff was not prepared to supply from its own plant all of the materials or to construct all of the parts of the apparatus, and had to depend upon subcontractors to supply them. The failure to complete the detailed plans necessitated delay in placing orders for these materials and parts. It was found difficult in some instances to secure them, which caused a further delay. The time for completing the contract expired with the installation of the apparatus not commenced, the detailed drawings of it not completed, and the work on the construction of parts of it not even begun.
Before the time for the contract to expire the plaintiff asked for an extension of time, which was refused by the defendant.
With this general condition confronting it the plaintiff, more than a month after the time for completing the contract had expired, notified the defendant that it had stopped work and would not recommence it. It did stop work; it did not recommence it.
The plaintiff not only failed to complete and install the apparatus, as it contracted to do, within the time required, but when that time expired had not even completed its de *107 tailed plans or begun to construct some of the parts. It thus breached its contract and forfeited its rights thereunder.
This failure to complete the work within the time required by the contract was not attributable to any unnecessary or improper delay or default by the defendant.
After thus forfeiting its rights under the contract, it voluntarily stopped work and abandoned its contract. Thereafter the defendant inspected the work, and finding that it was not progressing, exercised its right and relet the contract to another contractor at the cost of the plaintiff. The apparatus was manufactured and installed by this contractor at an agreed price of $11,550, which was paid by the defendant.
The plaintiff’s petition is dismissed and judgment is ordered to be entered in favor of the defendant against the plaintiff in the sum of $5,268, and the cost of printing the record in this case.
Hat, Judge, Downey, Judge, Booth, Judge, and Camp-belt, Chief Justice, concur.